# 196-15

GARRICK IAN HASTINGS
PD - 0196 - 15
COA - NO. - 14-13-00963-CR
APPELLANT
IN THE COURT OF CRIMINAL
APPEALS

VS.

THE STATE OF TEXAS
IN THE COURT OF CRIMINAL APPEALS

# PETITION FOR REVIEW
APRIL, 2015

FILED IN
COURT OF CRIMINAL APPEALS

APR 22 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 20 2015

Abel Acosta, Clerk

PG. 1

# INDEX

LIST OF AUTHORITIES

I. STATEMENT OF THE CASE

II. PROCEDURAL HISTORY OF THE CASE

III. GROUNDS FOR REVIEW
    A. FIRST GROUND

IV. REASONS FOR REVIEW
    A. FIRST GROUND

V. CONCLUSION AND PRAYER

VI. CERTIFICATE OF SERVICE

# LIST OF AUTHORITIES

## I. CASES

① CARVER v. STATE · 90 TEX. CRIM. 342  235 S.W. 211 · (COURT OF CRIMINAL APPEALS OF TEXAS (1921) )

② McCORMICK v. STATE - 166 TEX. CRIM. 484, 316 S.W. 2d. 736 (COURT OF CRIMINAL APPEALS OF TEXAS (1958))

③ KELLY V. U.S. 29 F. 3d. 1107 (7TH CIR. 1994)

## CODES
VERNON'S ANN. CODE OF CRIMINAL PROCEDURE ARTICLE 28.10 (A)

## CONSTITUTIONAL AMENDMENTS · 5TH, 6TH AND 14TH

## RULES ·
TEXAS RULES OF APPELLATE PROCEDURE RULE 44.2 (A)

# CITATIONS TO THE RECORD

THE RECORD CONSISTS OF A ONE-VOLUME CLERK'S RECORD WICH WILL BE CITED AS "CR" FOLLOWED BY THE DOCUMENT'S "BATES STAMPS" NUMBER (E.G. CR-003) AND EIGHT ~~VOLUMES~~ VOLUMES OF COURT REPORTER'S RECORDS WICH WILL BE CITED BY VOLUME NUMBER FOLLOWED BY THE PAGE NUMBER (E.G. VOL 5 - p. 26")

PD.-0196-15

COA - NO. 14-13-00963-CR

GARRICK IAN HASTINGS
APPELLANT
IN THE COURT OF CRIMINAL APPEALS

VS.

THE STATE OF TEXAS
IN THE COURT OF CRIMINAL APPEALS

PETITION FOR REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

## 1. STATEMENT OF THE CASE

ON THE NIGHT OF MARCH 31, 2012 Complaintant MELISSA BURCH WAS ALLEGEDLY ABDUCTED FROM A HOTEL EXIT FOR THE REPORTED/ADMITTED RETALIATION OF THE THEFT OF DRUGS AND A PISTOL.

THE APPELLANT AND TWO CO-DEFENDANTS ALLEGEDLY PULLED HER INTO A VEHICLE AND TRANSPORTED COMPLAINTANT TO AN ABANDONED TRAILER, WHERE THE COMPLAINTANT WAS STRUCK WITH A BLUNT METAL OBJECT, AND SET ON FIRE. AROUND 18 MONTHS LATER ON OCT 21, 2013, THE

PG. 4

APPELLANT WENT TO TRIAL. ON OCT. 25 2013 THE APPELLANT WAS FOUND GUILTY.

THE STATE PRESENTED SEVERAL ~~WITNESSES~~ EXPERT WITNESSES AT THE TRIAL, NOTHING WICH TIED THE APPELLANT TO THE CRIME.

THE STATE PRESENTED THE COMPLAINTANT AND A CO-DEFENDANT, WICH POSITIVELY IDENTIFIED THE APPELLANT AS ONE OF THE COMPLAINTANTS ATTACKERS.

THE STATE ALSO PRESENTED A WITNESS WITH HEARSAY TESTIMONY, WHO ON CROSS-EXAMINATION CONTRADICTED AND CHANGED HIS PREVIOUS TESTIMONY.

THE APPELLANT WAS FOUND GUILTY ON OCTOBER 25 2013, AND THE PUNISHMENT PHASE BEGAN.

THE STATE INTRODUCED SEVERAL WITNESSES TO DESTROY THE DEFENDANTS CREDIBILITY AS A POSITIVE CHARACTER, AND TO RECIEVE THE MAXIMUM PUNISHMENT FROM THE JURY.

ONCE THE STATE GOT TO THE ENHANCEMENT PORTION OF THE PUNISHMENT PHASE, ASSISTANT DISTRICT ATTORNEY LANCE LONG REALIZED THE DATE OF THE CONVICTION ON APPELLANTS INDICTMENT AND "PENITENTARY PACKETT" WAS INCORRECT.

AFTER CONSULTING AT THE BENCH WITHOUT APPELLANTS ATTORNEY OBJECTING TO THE ILLEGAL, LATE AMENDMENT TO THE ENHANCEMENT PARAGRAPH, THE DATE OF CONVICTION WAS CORRECTED AND THE PUNISHMENT RANGE WAS ENHANCED

PG. 5

FROM 2-20 YEARS MAXIMUM, TO 5-99 YEARS MAXIMUM.

THE APPELLANT RECIEVED A 60 YEAR SENTENCE AND A 10,000.00 $ FINE.

## 11. PROCEDURAL HISTORY OF THE CASE

ON INDICTMENT CHARGING THE DEFENDANT WITH THE OFFENSE OF AGGRAVATED ASSAULT, THE APPELLANT WAS TRIED BY A JURY AND WAS CONVICTED AND PUNISHMENT WAS ASSESSED AT 60 YEARS AND A 10K FINE.

NOTICE OF APPEAL WAS GIVEN AT THE TRIAL COURT AND THE CASE WAS APPEALED TO THE 14TH COURT OF APPEALS.

APPELLANTS ATTORNEY FILED AN "ANDERS BRIEF" AND NOTICE WAS GIVEN TO APPELLANT THAT HE COULD FILE A PRO SE BRIEF. APPELLANT DID.

ON DECEMBER 02, 2014 THE COURT OF APPEALS AFFIRMED THE CONVICTION

ON DECEMBER 02, 2014 APPELLANTS ATTORNEY WITHDREW.

ON DECEMBER 08 2014 APPELLANT FILED A MOTION FOR REHEARING

ON JANUARY 22, 2015 APPELLANTS MOTION FOR REHEARING WAS DENIED.

PG. 6

# III. GROUND FOR REVIEW

A. THE COURT OF APPEALS INCORRECTLY HELD THAT THERE WAS NO ERROR IN THE LATE AMENDMENT OF THE ENHANCEMENT PARAGRAPH. RESULTING IN THE PUNISHMENT RANGE OF THIS OFFENSE TO JUMP 79 YEARS HIGHER, THAN THE ORIGINAL 2-20 YEARS.

# IV. REASONS FOR REVIEW

THE APPELLANTS ENHANCEMENT PARAGRAPH WAS LATELY AMENDED ON THE FIFTH DAY OF TRIAL PROCEEDINGS. THE COURT OF APPEALS FAILED TO FOLLOW TEXAS RULES OF APPELLATE PROCEDURE RULE 44.2 (A) (LATER KNOWN AS T.R.A.P) BECAUSE OF THE SURPRISE ENHANCEMENT, APPELLANTS ATTORNEY WAS CAUGHT OFF GUARD AND FAILED TO OBJECT TO THE ENHANCEMENT AMENDMENT, VIOLATING APPELLANTS 5TH, 6TH AND 14TH CONSTITUTIONAL AMENDMENTS.

VERNONS ANN. CODE OF CRIM. PROC. ART 28.10 (A) (LATER KNOWN AS V.A.C.C.P.) CLEARLY STATES IN PART ... " MAY BE AMENDED AT ANY TIME BEFORE THE DATE THE TRIAL ... COMMENCES."
SEE TRIAL RECORD (VOL. 2 - PG. 237) (LINES 8-11).
THE STATE MADE ITS FIRST ATTEMPT TO AMEND THE INDICTMENT AFTER THE JURY HAS BEEN SELECTED.
APPELLANT CONTENDS THAT THE ENHANCEMENT AMENDMENT WAS TOO LATE TO EVEN CONSIDER. SEE Kelly v. U.S. 29 F.3d. 1107 (7th. Cir. 1994) AT 1110.

PG. 7

THE HONORABLE 7th CIRCUT JUDGES CLEARLY DEFINE "BEFORE TRIAL BEGINS" AS MEANING BEFORE JURY SELECTION BEGINS NOT BEFORE JURY IS SWORN...

BUT AS SHOWN IN TRIAL RECORD (VOL. 7 pgs. 6-7) THE ASSISTANT DISTRICT ATTORNEY SAMANTHA KNECHT STILL UNTILL THAT VERY MORNING ON THE FIFTH DAY OF TRIAL, HAD NOT CHANGED THE ENHANCEMENT PARAGRAPH. SO EVEN IF AN AMENDMENT WAS GRANTED, THE INDICTMENT WAS UNTOUCHED UNTILL AFTER THE TRIAL COMMENCED.

IT IS FURTHERMORE PRESENTED IN TRIAL RECORD (VOL 7-pg. 6)(line 23) THIS DISCUSSION WAS AT THE BENCH, OUT OF THE HEARING RANGE OF THE DEFENDANT AND THE JURORS.

THERE IS NOTHING IN THE RECORD SHOWING THE DEFENDANT OR THE JURY EVEN KNEW OF THE AMENDMENT TO THE INDICTMENT, BECAUSE THE CHANGE WAS NEVER STATED OUT loud. SEE TRIAL RECORD (VOL.7 - pg. 7). (line 8)

SO THE DEFENDANT WAS UNAWARE TO WHAT HE WAS PLEADING TO WOULD ENHANCE HIS PUNISHMENT RANGE TO 79 EXTRA YEARS, violATING HIS 5TH 6TH AND 14TH CONSTITUTIONAL RIGHTS.

BEFORE TRIAL STARTED, AND BEFORE THE PRE-TRIAL HEARING, THE APPELLANT TIMELY FILED HIS MOTION TO QUASH THE ENHANCEMENT PARAGRAPH. SEE, CLERKS RECORD (CR. pg. 278-279) WHICH STATES IN PART...

THE CONVICTION REFERRED TO IN THE ENHANCEMENT PARAGRAPH IS INVALID ... (3) THAT THE DATE AND YEAR LISTED OF THE CONVICTION IS NOT CORRECT ... SO THE DEFENDANT COULD

PG. 8

NOT POSSIBLY COMITT THE ALLEGED CRIME... (4) THEREFORE THE ENHANCEMENT PARAGRAPH IS VOID... WILL NOT SUPPORT AN ENHANCEMENT OF PUNISHMENT."

THE APPELLANT SET OUT HIS OBJECTION TO THE ENHANCEMENT PARAGRAPH, THIS WRITTEN OBJECTION SHOULD BE SUFFICIENT TO SUSTAIN THROUGH AND SHOULD NOT NEED ANOTHER OBJECTION AT TRIAL, SINCE IT WAS ALREADY OBJECTED TO, HEARD, AND RULED UPON BY THE HONORABLE JUDGE DENISE Collins.

BEFORE THE late AMENDMENT OF THE ENHANCEMENT PARAGRAPH, THE DATE OF CONVICTION WAS SET AT AN IMPOSSIBLE DATE, WICH WOULD NOT SUPPORT A CONVICTION/ENHANCEMENT. SEE: CARVER v. STATE 90 TEX. CRIM. 342 235 S.W. 211 (COURT OF CRIMINAL APPEALS OF TEXAS 1921) AND; McCORMICK v. STATE 166 TEX. CRIM. 484 316 S.W. 2d. 736 (COURT OF CRIMINAL APPEALS OF TEXAS 1958)

AN ENHANCEMENT PARAGRAPH DOES NOT HAVE TO STATE THE DATE THE OFFENSE WAS COMMITTED, BUT IT HAS TO STATE THE DATE OF CONVICTION, AND THE ASSISTANT DISTRICT ATTORNEY FAILED TO DO THAT IN A TIMELY MANNER.

FURTHERMORE, IF APPELLANT WOULD OF KNOWN THE ASSISTANT DISTRICT ATTORNEY WOULD OF FAILED TO COMPLY WITH THE PROCEDURES, APPELLANT WOULD OF SIGNED A PLEA BARGAIN OR A P.S.I POSSIBLY RESULTING IN A lightER SENTENCE. PG. 9

THE SOLE REASON APPELLANT ATTENDED TRIAL, WAS HE WAS AWARE OF THE 20 YEAR MAXIMUM PENALTY IF FOUND GUILTY.

BECAUSE OF APPELLANTS ABOVE ARGUMENT, HE REQUESTS THIS HONORABLE COURT OF CRIMINAL APPEALS TO VACATE THE SENTENCE PREVIOUSLY IMPOSED, AND REMAND FOR RESENTENCING WITHOUT THE STATUTORY ENHANCEMENT.

## V. CONCLUSION AND PRAYER

WHEREFORE, BY REASON OF THE REVERSIBLE ERRORS ABOVE POINTED OUT, APPELLANT PRAYS THAT HIS PETITION FOR REVIEW BE ACCEPTED AND THAT THE OPINION OF THE COURT OF APPEALS BE REVERSED AND THAT THIS CAUSE BE REMANDED FOR A NEW PUNISHMENT PHASE, AND SO HE PRAYS.

## VI. ORAL ARGUMENT

ORAL ARGUMENT IS WAIVED.

PG. 10

# CERTIFICATE OF SERVICE

I, GARRICK IAN HASTINGS, APPELLANT HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING PETITION FOR REVIEW HAS BEEN MAILED TO THE STATES PROSECUTING ATTORNEY (APPEAL DIVISION) (ALAN-CURRY) TO THE STATES ATTORNEY, AT AUSTIN, TEXAS BY WAY OF UNITED STATES POSTAL MAIL, TO THEIR CORRECT ADDRESS ON THIS THE 16TH OF APRIL, 2015.

APPELLANT, PRO SE. #88 02157477

1200 BAKER ST

HOUSTON TEXAS 77002

GARRICK IAN HASTINGS

SPN# 02157477  CELL: 2.K.2.0

1200 BAKER ST.

HOUSTON TEXAS 77002

PG. 11

**Affirmed and Memorandum Opinion filed December 2, 2014.**



In The

## 𝔉ourteenth Court of Appeals

---

### NO. 14-13-00963-CR

---

### GARRICK IAN HASTINGS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1403750**

---

## MEMORANDUM OPINION

A jury convicted appellant of aggravated assault with a deadly weapon. The jury sentenced appellant to confinement for sixty years in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine of $10,000. Appellant filed a notice of appeal.

Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirement of *Anders v.*

*California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), by advancing frivolous contentions which arguably might support the appeal. *See Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). The record was provided to appellant and on November 4, 2014, appellant filed a pro se response to counsel's brief.

We have carefully reviewed the record, counsel's brief, and appellant's response, and agree with counsel that the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. A discussion of the brief would add nothing to the jurisprudence of the state. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, the judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).

2